UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joeffre Kolosky,                                    Civil No. 05-330 JRT/FLN

       Plaintiff,

       v.                                              **REPORT AND**
                                                    **RECOMMENDATION**

Fairview University Medical Center,

       Defendant.

_____

Joeffre Kolosky (*pro se)*, for Plaintiff.
Huyen L Phan, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 17,

2005, on the Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

[#3], Plaintiff's Motion for Summary Judgment [#9], and Defendant's Motion for Sanctions [#20].

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C.

§ 636 and Local Rule 72.1(c).  For the reasons which follow, this Court recommends that

Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [#3] should

be Granted, Defendant's Motion for Sanctions should be Denied, and Plaintiff's Motion for

Summary Judgment [#9] should be Denied as moot.

## I.  BACKGROUND

Plaintiff Joeffre Kolosky ("Plaintiff" or "Kolosky") was an employee with Defendant

Fairview University Medical Center ("Fairview" or "Defendant").  Defendant provided Short Term

Disability coverage to the Plaintiff under a self-funded short term disability plan ("the Plan").

(Complaint, ¶ 1; Affidavit of H. Le Phan in Support of Defendant's Motion to Dismiss ("Phan

Aff."), Ex. A, "Fairview's Short Term Disability Plan").  UNUM Life Insurance Company of America ("UNUM") administered the Plan, along with any claims or appeals submitted under the Plan.  (Complaint, ¶ 4).

Under the Plan, a claimant must submit written notice of a claim within 30 days after the date a disability begins.[1]  (Phan Aff., Ex. A, p. 16).  Written proof of a claim must be sent to UNUM no later than 90 days after the elimination period.[2]  (Id.).  If it is not possible to do so, written proof of a claim must be submitted no later than one year after the time the proof is otherwise required.  (Id.).  Legal actions regarding a claim may be started "60 days after proof of claim has been given, and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law."  (Id., p. 5).

On January 28, 2000, Plaintiff Kolosky was terminated due to an altercation with his supervisor and coworkers which Plaintiff attributes to an episode of "mental decompensation."  (Complaint, ¶ 6).  Around November 20, 2000, UNUM received Plaintiff Kolosky's written claim for short-term disability benefits.  (Phan Aff., Ex. B).  UNUM denied Plaintiff's claim for short-term disability benefits on March 16, 2001.  (Id., Ex. C; see generally, Complaint, ¶ 10).  In April 2001, Plaintiff appealed the denial of short-term disability benefits, but UNUM affirmed their denial on

---

[1]   Because Plaintiff's last date of employment was January 28, 2000, his date of disability was determined to be January 29, 2000, as the disability dates cannot be the same as the last date worked.  (Phan Aff. Ex. C, "UNUM Denial of Plaintiff's Claim").

[2]   Elimination Period means a period of continuous disability which must be satisfied before a claimant is eligible to receive benefits under this plan.  (Phan Aff., Ex. A, p. 22).  The Elimination Period for Plaintiff was 42 days during which benefits were not payable.  (Complaint, ¶ 15; Ex. 107 to Complaint, p. 7; Phan Aff., Ex. E, "UNUM Review of Denial of Benefits").  Given his disability onset date of January 29, 2000, Plaintiff needed to be continuously disabled throughout and beyond March 12, 2000.  (Id.).

June 15, 2001.  (Phan Aff., Ex. D and E).   UNUM allowed Plaintiff to submit more medical information to support his benefits claim, but reaffirmed its decision to deny Plaintiff short-term benefits on August 1, 2001.  (Phan Aff., Ex. G and H).  In January 2002, Plaintiff offered to settle the matter and was informed by letter mailed February 18, 2002, that Defendant was not interested in settling Plaintiff's claim for short-term disability benefits.   (Complaint, ¶ 11; Ex. 44 to Complaint).  During this time and after, Plaintiff had also begun a series of the following lawsuits against Defendant.

**First Lawsuit -**

In 2001 Plaintiff filed a lawsuit against Defendant in state court (Court File No. EM-01-1959) seeking to vacate an Arbitration award on the grounds of fraud.  (Memorandum in Support of Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, p. 3).  The Complaint was dismissed on the grounds that it was barred by the applicable statute of limitations. (Id.).

**Second Lawsuit -**

In 2001, Plaintiff filed a second suit against Defendant in state conciliation court (Case No. 011128067) seeking back payment of wages due up to his date of termination.  (Phan Aff., Ex. I). The conciliation court found in favor of Defendant Fairview, and in January 2002, Plaintiff requested the case be removed to the District Court of Hennepin County, Minnesota. (Phan. Aff., Ex. J).  Plaintiff's claim was dismissed with prejudice and dismissal was affirmed on appeal by the Minnesota Court of Appeals.  (Phan. Aff., Ex. K).

**Third Lawsuit -**

In 2003, Plaintiff filed a third suit against Defendant in Hennepin County District Court alleging violations of his rights under the Family Medical Leave Act and his short-term disability benefits under the Plan.  (Phan Aff., Ex. L).   The case was removed to federal court on February 14, 2003.  (Case No. 03-1085 DWF/SRN, Notice of Removal [#1]).   On that same day, Defendant Fairview moved for Dismissal of Plaintiff's claim.  (Id., Defendant's Motion to Dismiss [#2]; Phan Aff., Ex. M).  Magistrate Judge Susan Nelson recommended dismissal of the claim in a Report and Recommendation issued June 23, 2003.  (Id., Report and Recommendation from SRN [#12]; Phan Aff., Ex. N).  The Report and Recommendation was adopted by District Court Judge Donovan W. Frank, and Plaintiff's Complaint was Dismissed on August 14, 2003.  (Id., Order from DWF [#16]; Phan Aff., Ex. O).

On August 22, 2003, Plaintiff filed a Letter with Judge Frank requesting reconsideration of Judge Frank's Order dismissing Plaintiff's Complaint.  (Case No. 03-1085 [#20]; Phan Aff., Ex. P). In his letter Plaintiff stated that he "made this complaint as a violation and a 'willful' violation of my rights under the FMLA law and an 'interference' claim by the Defendant, and the denial of them paying me my SHORT TERM DISABILITY . . . ."  (Id., ¶ 2 (emphasis in original)).  Plaintiff again raises the issue of his short term disability claim stating that it "was also denied by the Court and not even considered."  (Id., ¶ 7).  On September 23, 2003, Judge Frank issued an Order denying Plaintiff's Motion for Reconsideration and Motion for a New Trial.  (#03-1085 Order by DWF [#21]; Phan Aff., Ex. Q).   The Order states: "In his various motions requesting the Court's reconsideration of this matter, Plaintiff suggests that the Court has misunderstood and/or disregarded his arguments regarding the Family Medical Leave Act.  The Court has reevaluated Plaintiff's

arguments and revisited Magistrate Judge Susan Richard Nelson's Report and Recommendation dated June 23, 2003. . . . the Court finds that Plaintiff's arguments do not merit reconsideration of this matter." (Id.).  The Order was affirmed by the Eighth Circuit in May 2004 (Case No. 03-3581 / Prev. Case No. 03-1085).  (Phan. Aff., Ex. R).

**Fourth Lawsuit -**

Around June 2004, Plaintiff filed a suit in Hennepin County District Court again trying to vacate the arbitration award dated March 5, 2001 on the grounds of fraud (Case No. EM-04-6513). Defendants filed a Motion to Dismiss on the grounds of *res judicata*.  (Phan Aff., Ex. S).  On July 27, 2004, the Honorable Judge Harry Crump, of the Hennepin County District Court issued an Order dismissing Plaintiff's suit on the grounds of *res judicata* and prohibiting him from filing "any further lawsuits against Fairview and/or AFSCME unless and until Plaintiff Kolosky receives written authorization from this Court or the Hennepin County District Court Chief Judge." (Phan Aff., Ex. T).  Plaintiff's appeal of the dismissal is pending before the Minnesota Court of Appeals.  (Phan Aff., ¶ 3).

**Fifth Lawsuit**

Also on July 27, 2004, Plaintiff filed a Complaint in Hennepin County Conciliation Court alleging that Defendant Fairview wrongfully denied him short-term disability benefits under the Plan (Case No. 040727047).  (Phan Aff., Ex. U).  On August 11, 2004, Plaintiff's Complaint was administratively dismissed pursuant to Judge Crump's July 27, 2004 Order, due to Plaintiff's failure to seek written permission to file his claim. (Phan Aff., Ex. V).  Plaintiff requested permission to file his short-term benefits claim against Defendant Fairview from Hennepin County District Court Chief Judge Lucy A. Wieland.  On August 31, 2004, Chief Judge Wieland issued an Order stating:

"Plaintiff Joeffre Kolosky's request to pursue commencing a lawsuit against Defendant, Fairview University Medical Center is Denied because this matter has already been litigated."  (Phan Aff., Ex. W).

**Current Lawsuit -**

On February 15, 2005, Plaintiff filed the Complaint in this case seeking an Order for the value of the short-term disability benefits he claims he is owed.  Plaintiff alleges that Defendants wrongfully denied him his benefits without consulting doctors and his medical file.  Plaintiff claims he was wrongly denied his short term disability benefits on February 18, 2002.  As such, given the three-year limitation to file a court claim, February 18, 2005 was the last day to make such a claim for benefits.  The February 18, 2002 date seems to refer to the letter from UNUM in response to Plaintiff's proposed settlement in which UNUM states that Defendant Fairview was not interested in settling his claim for short term disability benefits.  (Phan Aff., Ex. H, p. 8; see also, Plaintiff's Response to Defendant's Memorandum Received on May 3, 2005 (Defendant's Motion to Dismiss), p. 10, ¶ 12).

Defendant has moved to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) or, in the alternative, to grant Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [#3].  Defendant claims that Dismissal or Summary Judgment is proper because Plaintiff's claims are barred by the doctrine of *res judicata*, by the Plan's limitations period, and/or by the statute of limitations under Minn. Stat. § 541.07(5).  Defendant also moves that Rule 11 Sanctions be imposed upon Plaintiff for his refusal to withdraw his Complaint which is frivolous, lacks evidentiary support, and has been filed for the improper purpose of causing Defendant to incur additional litigation costs and to harass Defendant [#9].  In return, Plaintiff has

6

filed a Motion for Summary Judgement [#20].   For the reasons set forth below, this Court recommends that Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment [#3] be Granted,  Defendants Motion for Sanctions [#9] be Denied, and Plaintiff's Motion for Summary Judgment [#20] be Denied as moot.

## II.  STANDARDS OF REVIEW

A party may bring a motion to dismiss under 12(b)(6) for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In the case of a defendant's motion to dismiss, the complaint should only be dismissed if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him or her to relief. Scalier Tel. Co. v. Golden Sky. Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citing Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993)); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)(a motion to dismiss is properly granted when there is no set of facts that would allow the plaintiff to recover).  The court is limited to considering the allegations of the complaint.  County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997).  The Court is to assume the facts pleaded as true and to construe the facts in a light most favorable to the plaintiff.  Gebhardt v. Con Agra Foods, Inc., 335 F.3d 824, 829 (8th Cir. 2003) (citing United States v. Aceto Agr. Chemicals Corp., 872 F.2d 1373, 1376 (8th Cir. 1989)).  The complaint, however, "must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirement of the claim to avoid dismissal." DuBois v. Ford Motor Credit Company, 276 F.3d 1019, 1022 (8th Cir. 2002).  A dismissal under 12(b)(6) should only be granted when a plaintiff includes "allegations that show on the face of the complaint that there is some insuperable bar to relief." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997); Frey v. City of Herculaneum, 44 F.3d 667, 6761 (8th Cir.1995)

(quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Summary judgment permits courts to issue a judgment as a matter of law, on the merits, and without trial, as long as there are no genuine issues of material fact. Fed.R.Civ.P. 56; see also Reich v. Conagra, 987 F.2d 1357, 1359 (8th Cir. 1993). Summary judgment is appropriate when the moving party establishes, based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23. When considering a motion for summary judgement, the moving party bears the burden of proof, and a court should construe all evidence in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the party opposing summary judgment may not "rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 249-56 (noting that if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted); see also Fed. R. Civ. P 56(e). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Thus, summary judgment is proper when the non-moving party fails to provide the Court with specific facts indicating that there is a genuine issue of material fact for trial. Maxwell v. K-Mart Corp., 844 F. Supp. 1360, 1365 (D.Minn. 1994);

Rainforest Café, Inc. v. Amazon, Inc., 86 F.Supp.2d 886, 893 (D.Minn. 1999).

A genuine issue of material fact only exists if: (1) there is a disputed fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine.  RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401-02 (8th Cir. 1995).  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson, 477 U.S. at 248.

### III.  LEGAL ANALYSIS

Plaintiff's Complaint is barred by both the time limitations in the Plan itself, as well as the doctrine of *res judicata*.  In making this finding, the Court relies on documents outside the Complaint and will treat Defendant's Motion as a Motion for Summary Judgment.  This Court recommends that Defendant's Motion for Summary Judgment [#3] be Granted, that Defendant's Motion for Sanctions [#20] be Denied, and Plaintiff's Motion for Summary Judgment [#9] be Denied.

### A.     Plaintiff's Complaint is Barred by the Plan Limitations.

The Plan set forth time limitations for bringing a claim for short-term disability benefits which Plaintiff did not meet.  Under the Plan, Plaintiff was to submit written notice of a claim within 30 days after January 29, 2000, the date his disability began.  (Phan Aff., Ex. A, p. 16).  Written proof of a claim must be sent to UNUM no later than 90 days after the 42 day elimination period which began counting from the date of disability.  (Id.; Complaint, ¶ 15; Ex. 107 to Complaint, p. 7; Phan Aff., Ex. E, "UNUM Review of Denial of Benefits").  Plaintiff had between 60 days after proof of claim was given, and up to 3 years from the time proof of claim was required to bring a legal

action regarding his claim.  (<u>Id.</u>, p. 5).  In other words, the reasonable time limits of the Plan required a suit be filed within three years of 90 days after the 42nd day of disability.

Plaintiff's date of disability was determined to be January 29, 2000.  (Phan Aff. Ex. C, "UNUM Denial of Plaintiff's Claim").  The 42 day elimination period ended March 11, 2000, and Plaintiff was to have provided written proof of a claim within 90 days, on or around June 10, 2000. As such, the deadline for bringing a legal action regarding Plaintiff's claim to short-term disability benefits was three years later, June 10, 2003.

Contractual limitation periods on ERISA actions are enforceable provided they are reasonable.  <u>Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan</u>, 160 F.3d 1301, 1303 (11th Cir. 1998), <u>citing</u> <u>Doe v. Blue Cross & Blue Shield United of Wisconsin</u>, 112 F.3d 869, 874-75 (7th Cir. 1997).  Plaintiff did not meet the reasonable demands set forth in the Plan. Defendants, through UNUM, did not receive Plaintiff's written claims until November 20, 2000. Furthermore, Plaintiff did not file this claim for his short-term disability benefits until February 15, 2005, almost 2 years after the deadline.  Plaintiff argues that he brought this claim within the deadline because he was not finally denied benefits until February 18, 2002.  However, Plaintiff refers to the letter mailed by UNUM to Plaintiff on that date which responds to Plaintiffs offer to settle stating that Defendant was not interested in settling his claim for short-term disability benefits. (<u>See</u> Phan Aff., Ex. H, Feb. 18, 2001 Letter).  This February 18, 2002, letter does not constitute the final denial of Plaintiff's claim.  Rather, the final denial was issued August 1, 2001.  Regardless, this argument is irrelevant as the three year court action deadline is triggered by the date written proof of a claim was required, not the date of final denial of claims.  Written proof of claims was required on or around June 10, 2000.  As such, the deadline for bringing the claims in this Complaint was on

or around June 10, 2003.  Plaintiff did not meet either the deadline for producing the written proof

of claim or the deadline for bringing legal action on his short-term disability claim.  Plaintiff's

Complaint should be Dismissed on the grounds that Plaintiff failed to adhere to the reasonable time

limitations set forth in the Plan.

**B.      Plaintiff's Complaint is Barred by *Res Judicata* Because it Could Have Been Litigated
          During a Previous Lawsuit.**

In the alternative, it also appears that Plaintiff's claim for short-term disability benefits is

barred by *res judicata* on the grounds that it could have been litigated in Plaintiff's second or third

lawsuits.  In the Eighth Circuit, the "*res judicata* bars the relitigation of those issues which were

actually litigated, as well as those issues which could have been litigated, in an earlier proceeding."

Armstrong v. Norwest Bank, 964 F.2d 797, 802 (8th Cir. 1992), citing Lane v. Peterson, 899 F.2d

737 (8th Cir. 1990) ("*res judicata* precludes the relitigation of a claim on grounds that were raised

or could have been raised in the prior action."), citing Poe v. John Deere Company, 695 F.2d 1103,

1105 (8th Cir. 1982).  A claim is barred by *res jucidata* "if it arises out of the same nucleus of

operative facts as the prior claim."  Lane, 899 F.2d at 742; Poe, 695 F.2d at 1105-1106.  A claim

arises out of the same nucleus of operative facts if it based on the same transaction or series of

connected transactions.  Id., citing Restatement (Second) of Judgments § 24 (1982) ("The term

'transaction' connotes a common nucleus of operative facts.").  "What factual grouping constitutes

a 'transaction' and what groupings constitute a 'series', are to be determined pragmatically, giving

weight to such considerations as whether the facts are related in time, space, origin, or motivation,

whether they form a convenient trial unit, and whether their treatment as a unit conforms to the

parties' expectations or business understanding or usage.  Id., § 24(2).

Plaintiffs short-term benefits claim in this case arises out of the same nucleus of operative

11

facts as his claims in his second and third lawsuit.  In this current suit, Plaintiff seeks short-term disability benefits under the Plan.  In the second lawsuit, Plaintiff sought back payment for wages not yet paid up to his termination.  In his third lawsuit, Plaintiff alleged violations of his rights under the FMLA, wrongful withholding of his short-term disability benefits under the Plan, and general violations of the Plan.  While it is not readily apparent that the multiple court review of Plaintiff's claims in the third lawsuit included actual litigation of Plaintiff's short-term disability claim, it is clear that his short-term disability claim raised in this current suit, could have been litigated during either the second or the third lawsuits.  Plaintiff's claims in each suit, including this one, involve his termination and are based on Plaintiff's contention that he is entitled to rights or benefits as an employee.  Furthermore, Plaintiff's claims in the third lawsuit and his claims in this lawsuit arise out the same exact transaction, the altercation with supervisors and co-workers due to Plaintiff's alleged mental decompensation on January 27, 2000 and the resulting termination.  As such, the claims Plaintiff asserts in the current Complaint could have been litigated with either the second or the third lawsuit and are now barred by the doctrine of *res judicata*.

## IV.  CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Parties Claims be **GRANTED in part** and **DENIED in part** as follows:

1.  Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [#3] be **GRANTED**;

2.  Defendant's Motion for Sanctions [#19] be **DENIED**; and

3.  Plaintiff's Motion for Summary Judgment [#9] be **DENIED as moot**.

Dated: September 6, 2005                     s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 23, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 23, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.