UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEFFRE KOLOSKY,<br><br>Plaintiff,<br><br>v.<br><br>FAIRVIEW MEDICAL CENTER,<br><br>Defendant. | Civil No. 05-330 (JRT/FLN)<br><br>**ORDER ADOPTING REPORT AND RECOMMEDNATION OF MAGISTRATE JUDGE** |

Joeffre Kolosky, 3308 Sunset Lake Drive, Burnsville, MN 55337, plaintiff *pro se*.

Lee A. Lastovich and H. Le Phan, **FELHABER, LARSON, FENLON & VOGT, P.A.**, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, for defendant.

Plaintiff filed this action for recovery of short-term disability benefits from defendant under its Short-Term Disability Plan, bringing his claim under the Employee Retirement Income Security Act ("ERISA"). Following a hearing, United States Magistrate Judge Franklin L. Noel recommended granting defendant's Motion to Dismiss, denying its Motion for Sanctions, and denying plaintiff's Motion for Summary Judgment as moot. Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation dated September 6, 2005. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b),

and for the reasons set forth below, overrules plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge.

**BACKGROUND**

Plaintiff Joeffre Kolosky ("Kolosky") was employed by defendant Fairview University Medical Center ("Fairview"). As part of Kolosky's employment benefits, Fairview provided short-term disability coverage to Kolosky under a self-funded Short-Term Disability Plan (the "Plan"). UNUM Life Insurance Company of America ("UNUM") administered the Plan as well as any claims or appeals submitted under the Plan.

Kolosky was terminated on January 28, 2000, after an altercation with his supervisor and coworkers. Kolosky claims the incident was due to an episode of "mental decompensation," while Fairview contends the incident arose out of Kolosky's "extreme degree of hypersensitivity [and] irrational suspicion and distrust of others."

Under the Plan, a claimant must submit written notice of a claim within 30 days after the date a disability begins.[1] Written proof of a claim must be sent to UNUM no later than 90 days after the elimination period.[2] If it is not possible to do so, written proof of a claim must be submitted no later than one year after the time the proof is otherwise

---

[1] Because Kolosky's last date of employment was January 28, 2000, his date of disability was determined to be January 29, 2000, as the disability dates cannot be the same as the last date worked.

[2] Elimination Period means a period of continuous disability, which must be satisfied before a claimant is eligible to receive benefits under this plan. The Elimination Period for Koloksy was 42 days during which benefits were not payable. Given his disability onset date of January 29, 2000, Kolosky needed to be continuously disabled throughout and beyond March 12, 2000.

required.  Legal actions regarding a claim may be started 60 days after proof of claim has been given, and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

UNUM received Kolosky's written claim for short-term disability benefits around November 20, 2000, and the claim was denied on March 16, 2001.  Kolosky appealed the denial in April 2001, but UNUM affirmed its denial on June 15, 2001.  UNUM allowed Kolosky to submit additional medical information to support his benefits claim, but reaffirmed its decision to deny Kolosky short-term disability benefits on August 1, 2001.

Kolosky contacted UNUM in January 2002 and offered to settle his claim for short-term disability benefits, but UNUM informed Kolosky that Fairview was not interested in settling his claim by letter dated February 18, 2002.  Throughout this time period, and thereafter, Kolosky has begun a series of lawsuits against Fairview.

Kolosky first brought a lawsuit against Fairview in 2001 in state court seeking to vacate an arbitration award on the grounds of fraud. The complaint was dismissed on the grounds that it was barred by the applicable statute of limitations.

He filed a second action against Fairview in 2001 in state conciliation court seeking back payment of wages due up to the date of his termination.  The conciliation court dismissed his complaint, and the Minnesota Court of Appeals affirmed the dismissal on appeal and dismissed plaintiff's claim with prejudice.

In 2003, Kolosky sued Fairview for the third time in Hennepin County District Court, alleging violation of the Family Medical Leave Act of 1993 ("FLMA") and wrongful denial of his short-term disability benefits under the Plan.  After removal to

federal court, Kolosky's complaint was dismissed, and his motions for reconsideration and for a new trial were also denied.

Kolosky filed a fourth lawsuit against Fairview in Hennepin County District Court in 2004, again attempting to vacate the Arbitration Award on the grounds of fraud.  The Hennepin County District Court issued an Order dismissing the case on the grounds of res judicata, and also prohibiting Kolosky from filing any further lawsuits against Fairview unless and until Kolosky received written authority from the presiding judge or the Hennepin County District Court Chief Judge.  Kolosky's appeal of that dismissal is pending before the Minnesota Court of Appeals.

Kolosky filed his fifth lawsuit against Fairview in 2004 in Hennepin County Conciliation Court, again alleging that Fairview wrongfully denied him short-term disability benefits under the Plan.  Kolosky's complaint was administratively dismissed due to his failure to seek written permission to file his claim pursuant to the Hennepin County Order.  Kolosky then sought permission to file that lawsuit from the Chief Judge, who denied Kolosky's request to file his short-term disability benefits claim against Fairview, stating that the matter had already been litigated.

Kolosky now brings a sixth lawsuit against Fairview in this Court, again claiming that he is entitled to short-term disability benefits.  The parties filed cross motions for summary judgment.

**ANALYSIS**

Kolosky objects to the Magistrate Judge's denial of his Motion for Summary Judgment, arguing that his claim is not time-barred and that res judicata does not apply. The Court disagrees.

**I.    TIME LIMITATIONS**

Kolosky did not meet time limitations for bringing a claim for short-term disability benefits, either under the terms of the Plan, or under the applicable statute of limitations. Although the Eighth Circuit has not specifically addressed the issue, other circuits have held that contractual limitation periods on ERISA actions, such as those imposed under the Plan, are enforceable provided they are reasonable. *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 874-75 (7th Cir. 1997); *see also Harris v. The Epoch Group, L.C.*, 357 F.3d 822, 824 (8th Cir. 2004) (distinguishing *Northlake* and *Doe* on other grounds). The Eighth Circuit has held that the statute of limitations applicable to actions for unpaid benefits is two years, and a cause of action accrues after a plan fiduciary has formally denied an applicant's claim for benefits, or when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary.[3]  *Cavegn v. Twin City Pipe Trades Pension Plan*, 223 F.3d 827, 830 (8th Cir.

---

[3] ERISA does not contain a limitations period that governs benefit claims, and therefore courts must borrow the statute of limitations from the most analogous state law. *Cavegn*, 223 F.3d at 830 (8th Cir. 2000). The Eighth Circuit has held that Minn. Stat. § 541.07(5) is the most analogous Minnesota law, which provides for a two-year statute of limitations in contract actions for unpaid benefits. *Id.*

2000); *Adamson v. Armco, Inc.*, 44 F.3d 650, 652 (8th Cir. 1995); *Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

Kolosky's disability began on January 29, 2000. Under the Plan, a written notice of a claim was to be submitted within 30 days thereafter, and written proof of claim needed to be sent to UNUM no later than 90 days after the 42-day elimination period, which began on the date of disability. Kolosky could have brought a legal action regarding his claim up to three years from the time proof of claim was required. Under the Plan's time restrictions, Kolosky's 42-day elimination period began on January 29, 2000, and ended on March 11, 2000. Kolosky was required to provide UNUM with written proof of claim on or around June 10, 2000. Therefore, the Plan's deadline for Kolosky to bring a legal action regarding his claim to disability benefits was on or around June 10, 2003. Kolosky, however, did not provide a written proof of claim until November 20, 2000, and did not file this legal action for disability benefits until February 15, 2005.

Kolosky fares no better under the Minnesota statute of limitations. Kolosky received formal notice of his claim's denial on March 16, 2001.[4] Under this notification

---

[4] Kolosky mistakenly asserts that the formal denial of his claim for short-term disability benefits was February 18, 2002. Final denial of Kolosky's claim was issued August 1, 2001. The February 18, 2002 date refers to the date of the letter mailed by UNUM to Kolosky, stating that Fairview was not interested in settling his claim. However, even if the February 18, 2002 letter is assumed to constitute the final denial of benefits, Kolosky's claim would still be time-barred under the terms of the Plan and the Minnesota statute of limitations. Under the Plan, the deadline to file a court action relates back to the date written proof of claim was required, here June 10, 2000, not to the date of final denial of claims. Under Minn. Stat. § 541.07(5), the deadline to file a claim is two years after denial of the claim. Therefore, a denial date of February 18, 2002, would require Kolosky to have filed this lawsuit by February 15, 2004.

date, the deadline to file this lawsuit was March 16, 2003. Kolosky did not file this lawsuit until February 15, 2005.

As Kolosky did not comply with either the limitations period set forth in the Plan, or with the Minnesota statute of limitations governing such claims, the Court holds that Kolosky's claim is time-barred.

## II.    RES JUDICATA

In the Report and Recommendation, the Magistrate Judge stated that Kolosky's claim would also be barred by the doctrine of res judicata. The Court agrees. The doctrine of res judicata "bars the relitigation of those issues which were actually litigated, as well as those issues which could have been litigated, in an earlier proceeding." *Armstrong v. Norwest Bank*, 964 F.2d 797, 802 (8th Cir. 1992) (citing *Lane v. Peterson*, 899 F.2d 737 (8th Cir. 1990)). Res judicata bars any claim "if it arises out of the same nucleus of operative facts as the prior claim." *Lane*, 899 F.2d at 742. A claim arises out of the same nucleus of operative facts if it is based on the same transaction or series of connected transactions. *Id.* "What factual grouping constitutes a 'transaction' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage." *Banks v. Int'l Union Elec., Technical, Salaried and Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004).

In his objection, Kolosky contends that res judicata does not bar his present lawsuit because federal courts have exclusive jurisdiction over ERISA claims, and that he could not have brought an ERISA claim in a state court action. This is incorrect. Federal and state courts have concurrent jurisdiction over matters involving the wrongful denial of benefits under ERISA. 29 U.S.C. §§ 1132(a)(1)(B), (e)(1). In addition, Kolosky's benefits claim in the instant lawsuit arises out of the same nucleus of operative facts as the claims in his second and third lawsuits. All three lawsuits involve Kolosky's termination and are based on his contention that he is entitled to rights or benefits as defendant's employee. Because Kolosky's current claim arose out of the same nucleus of operative facts as the second and third lawsuits, and because Kolosky's ERISA claim could have been heard by a state court, the Magistrate Judge correctly applied the doctrine of res judicata.

### III.   MOTION FOR SANCTIONS

Generally, "when a pro se plaintiff makes a filing, the court must take into account a plaintiff's pro se status when it determines whether [a] filing was reasonable." *Pankey v. Webster*, 816 F. Supp. 553, 562 (W.D. Mo. 1993) (court declined to sanction indigent pro se plaintiff who had brought similar frivolous claims on previous occasions). Based on the circumstances of this case, the Court holds that sanctions are not warranted at this time.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 30] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 29]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Docket No. 3] is **GRANTED**,

2. Defendant's Motion for Sanctions [Docket No. 19] is **DENIED**, and

3. Plaintiff's Motion for Summary Judgment [Docket No. 9] is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   January 23, 2006             s/ John R. Tunheim             _
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                       United States District Judge